IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FREDDIE VAZQUEZ-CRUZ, | |
| **Plaintiff(s)** | |
| v. | **CIVIL NO.** 08-1673 (JAG) |
| COMMONWEALTH OF PUERTO RICO, et al. | |
| **Defendant(s)** | |

### OPINION AND ORDER

GARCIA-GREGORY, D. J.

Pending before the Court is Defendants' Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Police Department ("PR Police") and the Puerto Rico Department of Justice ("DOJ"), (hereinafter "Defendants") Motion to Dismiss.  For the reasons set forth below the Court **GRANTS** in part Defendants' Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2008, Plaintiff Freddie A. Vazquez Cruz, ("Plaintiff") filed a complaint under 42 U.S.C. §1983 against the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Department of Justice ("DOJ"), the Puerto Rico Police Department, and other unnamed defendants, alleging constitutional violations under the First, Fourth, Fifth and Fourteenth amendments. (Docket No. 1).

Plaintiff claims that on June 20, 2007, several officers of the PR Police came into his apartment, located in the Bella Vista

Civil - 08-1673 (JAG)                                                      2

Housing Project, in San Juan, while he was at work.  He goes on to
state that when he arrived at his apartment there were two PR
Police officers on his doorway blocking the entrance.  Plaintiff
avers that the officers identified themselves as PR Police
officers, but were all wearing civilian clothing and did not have
any visible identification of the PR Police Department.  Further,
Plaintiff alleges that he asked the officers the reason for
breaking a padlock on his front door gate and entering his
apartment, without a search warrant.  One of the officers stated
that they were following an individual who went up the building's
stairs, when they noticed that an apartment was open.  The officer
went on to state that when they saw the apartment open they went in
without a warrant and saw in plain view a bag containing marijuana.
Plaintiff told the officers that it was impossible for his door to
have been open since he left it locked when he left the apartment
that morning.  Plaintiff then allegedly proceeded to ask the
officers to see the bag of marijuana, but the officers could not
produce it.  Plaintiff claims that when he entered his apartment
he tried to enter into the bedroom area but the officers ordered
him to remain in the living room area.  He indicated to the
officers that he had approximately $20,000 in cash in his bedroom.
At this point, Plaintiff claims that the officers would not let him
enter his bedroom so he attempted to place a call to his attorney,
but the officers took his mobile phone from his hand indicating

Civil - 08-1673 (JAG)                                                        3

that he was not permitted to make a call, and proceeded to handcuff him.  Plaintiff states that he was then searched and an agent took $1,200 from his pockets.  Furthermore, Plaintiff alleges that the keys to his vehicle were taken from his pocket.  Plaintiff claims that the officers then proceeded to search his vehicle.  Plaintiff argues that several firearms were seized from his apartment, but that he provided the officers with a valid license for them.  He goes on to state that three officers then proceeded to search his business, known as "La Nueva Loma," and took alcoholic beverages with an estimated value of $500.  Plaintiff avers that he was then taken to the 65th Infantry Avenue precinct in Rio Piedras, where he was restrained for four to five hours.  Moreover, Plaintiff alleges that when he was released he returned home and noticed that the officers had removed from his room the box where he kept the $20,000.  Plaintiff requests that this Court grant him for injunctive relief and monetary damages against Defendants. (Docket No. 1).

On August 4, 2008, Defendants filed the present Motion to Dismiss arguing that the Commonwealth, the PR Police and the DOJ are protected from this type of suits by Eleventh Amendment sovereign immunity. (Docket No. 11).

**STANDARD OF REVIEW**

A. <u>Motion to Dismiss Standard</u>

In <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), the

Civil - 08-1673 (JAG)                                                  4

Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u> 127 S. Ct. at 1967). While <u>Twombly</u> does not require heightened fact pleading of specifics, it does require enough facts to "nudge [Plaintiffs'] claims across the line from conceivable to plausible." <u>Twombly</u>, 127 S. Ct. at 1974. Accordingly, in order to avoid dismissal, the Plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. See <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). When opposing a Rule 12(b)(6) motion, "a Plaintiff cannot expect a trial court to do his homework for him." <u>McCoy v. Massachusetts Institute of Tech.</u>, 950 F.2d 13, 22 (1st Cir. 1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. <u>Id.</u> at 23 (quoting <u>Correa Martinez</u>, 903 F.2d at 52). Plaintiffs must set forth "factual

Civil - 08-1673 (JAG)                                          5

allegations, either direct or inferential, regarding each material
element necessary to sustain recovery under some actionable
theory." <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir.
1988).

**ANALYSIS**

Defendants argue that the complaint should be dismissed on
Eleventh Amendment immunity grounds. "[I]n the absence of
consent[,] a suit in which the State or one of its agencies or
departments is named as the defendant is proscribed by the Eleventh
Amendment." <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89,
100 (1984). <u>See</u> <u>Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority</u>,
991 F.2d 935, 938 (1st Cir. 1993); <u>In re San Juan Dupont Plaza
Hotel Fire Lit.</u>, 888 F.2d 940, 942 (1st Cir. 1989); <u>Ramirez v. P.R.
Fire Serv.</u>, 715 F.2d 694, 697 (1st Cir. 1983).[1]  For purposes of
Eleventh Amendment immunity analysis, the Commonwealth of Puerto
Rico is treated as a state. <u>See</u> <u>Redondo Constr. Corp. v. P.R.
Highway & Transp. Auth.</u>, 357 F.3d 124, 125 n. 1 (1st Cir. 2004).
"Puerto Rico, despite the lack of formal statehood, enjoys the

---

[1] The Eleventh Amendment provides that: "the judicial power
of the United States shall not be construed to extend to any suit
in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State, or by Citizens or
subjects of any Foreign State." U.S. Const. Amend XI. Puerto
Rico is considered a state for Eleventh Amendment purposes. <u>See</u>
<u>Bernier-Aponte v. Izquierdo-Encarnacion</u>, 196 F.Supp.2d 93, 98
(D.P.R. 2002)(<u>citing</u> <u>Negron Gaztambide v. Hernandez Torres</u>, 145
F.3d 410 (1st Cir. 1998)).

Civil - 08-1673 (JAG)                                                    6

shelter of the Eleventh Amendment in all respects," <u>Ramírez v. P.R.</u>
<u>Fire Serv.</u>, 715 F.2d 694, 697 (1st Cir.1983), and Eleventh
Amendment immunity extends to state agencies such as Puerto Rico's
Family Department, <u>See</u> <u>González De Blasini v. Family Dep't</u>, 278
F.Supp.2d 206, 210 (D.P.R. 2003).    The Eleventh Amendment bars
suits against states for money damages unless the state has
consented. <u>Celta Const. v. U.S. Dep't of Housing and Urban</u>
<u>Development</u>, 337 F.Supp.2d 396, 401 (D.P.R. 2004). <u>Citing</u> <u>Metcalf</u>
<u>& Eddy v. P.R. Aqueduct & Sewer Authority</u>, 991 F.2d 935, 938 (1st
Cir.1993); <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 F.2d
940, 942 (1st Cir.1989); <u>Ramirez v. P.R. Fire Serv.</u>, 715 F.2d 694,
697 (1st Cir.1983).  Accordingly, Plaintiff's claims against the
Commonwealth, the PR Police and the DOJ for monetary damages are
barred by Eleventh Amendment immunity.

     However, Plaintiff also requests the Court to grant
injunctive relief against Defendants.  Eleventh Amendment immunity
does    not    bar    prospective    injunctive    relief    against
official-capacity defendants. <u>Id.</u>, <u>citing</u> <u>Rosie D. v. Swift</u>, 310
F.3d 230, 234 (1st Cir.2002); <u>Fred v. Roque</u>, 916 F.2d 37, 39 (1st
Cir.1990) (per curiam).  Therefore, since Defendants do not address
Plaintiff injunctive relief claims in their Motion to Dismiss, they
shall remain pending until further disposition.

**CONCLUSION**

     For the reasons stated above, this Court **GRANTS** in part

Civil - 08-1673 (JAG)                                                      7

Defendants' Motion to Dismiss as to Plaintiff's monetary relief claims.   Hence, Plaintiff's claims against Defendants seeking monetary damages shall be dismissed.  However, the Court shall not dismiss the case in its entirety as Plaintiff's injunctive relief claims are still pending.   Meanwhile, Plaintiff's injunctive relief claims shall remain pending until further disposition.


     IT IS SO ORDERED.

     In San Juan, Puerto Rico, this 3rd of February, 2009.


                              s/ Jay A. Garcia-Gregory
                              JAY A. GARCIA-GREGORY
                              United States District Judge